UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-174-RJC

| | |
|---|---|
| SANDRA J. NEUFELD, | ) |
| Plaintiff, | ) |
| v. | )    **ORDER** |
| CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12); and Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 13, 14).

## I. BACKGROUND

### A. Procedural Background

Plaintiff Sandra J. Neufeld ("Plaintiff") seeks judicial review of Defendant's denial of her social security claim. (Doc. No. 1). On October 6, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. Plaintiff also filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 et seq. on that same date. In both applications, Plaintiff alleged an inability to work due to disabling conditions beginning on December 15, 2010. (Doc. No. 10: Administrative Record ("Tr.") at 262–276). The Commissioner initially denied Plaintiff's application on November 21, 2011, (Tr. 150–154), and upon reconsideration on March

21, 2012, (Tr. 157–160). Plaintiff filed a timely written request for a hearing on May 9, 2012. (Tr. 177–179).

On May 21, 2013, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 38–64). The ALJ issued a decision on September 5, 2013, denying Plaintiff's claim. (Tr. 18–36). Plaintiff filed a request for review of the ALJ's decision on October 8, 2013, (Tr. 18–36), which was granted by the Appeals Council on November 19, 2014, (Tr. 221–224). On February 20, 2015, the Appeals Council issued a decision affirming the ALJ's decision. (Tr. 1–8). Therefore, the September 5, 2013 ALJ decision became the final decision of the Commissioner on February 20, 2015.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on April 19, 2015. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 11), was filed September 28, 2015, and Defendant's Motion for Summary Judgment, (Doc. No. 13), was filed November 20, 2015. The pending motions have been fully briefed and are ripe for adjudication.

B.    Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time between December 15, 2010, when Plaintiff's disabling conditions commenced, and the date of the Appeals Council's decision on February 20, 2015. To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137,

---

[1] Under the Social Security Act, 42 U.S.C. § 301 et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from December 15, 2010, through the date of his decision, September 5, 2013. (Tr. 18–36).

This case is governed by The Social Security Administration's familiar five-step sequential evaluation process for determining if a person is disabled.[2] In this case, the ALJ determined at step five that Plaintiff was not disabled. (Tr. 28).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since December 15, 2010, the alleged disability onset date. (Tr. 23). At step two, the ALJ found that Plaintiff had severe impairments of a history of lumbar fusion, lumbar radiculopathy, fecal incontinence, depression, and generalized anxiety disorder. (Id.). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary work with the following additional limitations: requires a cane to ambulate, though it is not necessary at her workstation; requires a change of position once per hour; and is further limited to simple, routine, repetitive tasks, in a nonproduction environment. (Tr. 24).

At the hearing, a vocational expert ("VE") testified regarding Plaintiff's past relevant work, (Tr. 59), and pursuant to the VE's testimony, the ALJ found that Plaintiff was unable to perform

---

[2] The five steps are: (1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled; (2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled; (3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement— if yes, disabled; (4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and (5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled. 20 C.F.R. § 404.1520(a)(4)(i)–(v).

her past relevant work. (Tr. 27). At the fifth and final step, the ALJ concluded, based on the VE's testimony, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 28). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between December 15, 2010, and the date of his decision on September 5, 2013. (Tr. 28).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is "substantial evidence" in the record to support the final

decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**III. DISCUSSION**

On appeal to this Court, Plaintiff argues, among other things, that the ALJ's RFC finding is not based on substantial evidence.[3] (Doc. No. 11-1 at 19). Specifically, Plaintiff contends that the ALJ failed to provide a full function-by-function analysis of her mental limitations and, in doing so, failed to fully account for her moderate difficulties in concentration, persistence, or pace in the RFC finding.

In making an RFC determination, SSR 96-8p "instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). "Only after a function-by-function analysis has been completed may" the RFC finding be made. Mascio, 780 F.3d at 636. The RFC must address both the exertional and non-exertional capacities of the claimant and must be expressed in terms of work-related functions. SSR 96-8p. Nonexertional capacity considers work-related limitations and restrictions that do not depend on the claimant's physical strength, such as the ability to communicate, understand and remember instructions, or respond appropriately to supervision. Id. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember

---

[3] Plaintiff also argues that remand is warranted because the ALJ failed to properly evaluate medical opinions and provided an incomplete hypothetical to the VE. (Doc. No. 11-1 at 19). As discussed below, the Court does not reach these arguments as it finds that the ALJ's decision does not conform to the requirements of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15; see also SSR 96-8p.

Additionally, SSR 96-8p provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." It must also "include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p. Although it declined to adopt a "per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," the Fourth Circuit stated in Mascio that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). Furthermore, an ALJ does not properly account for a claimant's limitations in concentration, persistence, or pace by restricting the RFC, and consequently the hypothetical presented to the VE, to simple, routine tasks or unskilled work. Mascio, 780 F.3d at 638. The Circuit also noted that "the ability to perform simple tasks differs from the ability to stay on task." Id.

Here, despite finding that Plaintiff had moderate difficulties in concentration, persistence, or pace, the ALJ did not perform an explicit function-by-function analysis as required by SSR 96-8p. While the ALJ did conduct some analysis of the medical evidence of record and discuss his reasoning for the weight given to Plaintiff's statements and subjective complaints, it is not clear how the evidence aligns with the necessary functions, which is a required showing. See Mascio, 780 F.3d at 636.

In his brief paragraph regarding concentration, persistence, or pace, the ALJ found that Plaintiff had "moderate difficulties." (Tr. 24). The ALJ then went on to note the assessments of two of Plaintiff's treating physicians, both of which similarly indicated that Plaintiff would "have difficulty with attention and concentration due to pain." (Tr. 27). The ALJ summarily claimed that these statements supported the RFC assessment; however, he failed to incorporate any such limitations in his RFC finding or explain how Plaintiff's mental limitations do not affect her ability to work. (Id.). Without explanation, such inconsistencies leave the Court "to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform relevant functions." Mascio, 780 F.3d at 637. Therefore, the Court finds that the ALJ's analysis and discussion of Plaintiff's limitations relating to her moderate difficulties in concentration, persistence, or pace are insufficient.

The ALJ's RFC finding provided that Plaintiff is "limited to simple, routine, repetitive tasks, in a nonproduction environment." (Tr. 24). Defendant contends that the "nonproduction environment" limitation accounts for Plaintiff's difficulties in concentration, persistence, or pace. Since the Mascio decision, district courts in this Circuit have considered whether additional limitations, such as a nonproduction environment, sufficiently account for a moderate limitation in concentration, persistence, or pace. The majority of district courts in North Carolina, including this Court, have found that they do not.[4] Accordingly, the Court finds that here, as in the majority

---

[4] See, e.g., Biddell v. Colvin, No. 1:15-cv-80-MOC, 2016 WL 815300, at *5 (W.D.N.C. Feb. 29, 2016) (finding that limitations to simple, routine, repetitive tasks involving only one- to three-step instructions, a non-production pace, occasional contact with the public, no intense interaction with supervisors and coworkers, in a setting with no confrontation or brainstorming and dealing with things and not people do not account for a claimant's moderate limitations in concentration, persistence, or pace); Weeks v. Colvin, No. 5:14-cv-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sept. 8, 2015) (holding that a limitation to simple, routine, repetitive tasks with only occasional contact with the general public and few workplace changes did not sufficiently address claimant's limitations in pace); Jones v. Colvin, No. 4:14-cv-200-RN, 2015 WL

of the cases noted, the limitations provided in the RFC do not adequately address Plaintiff's moderate limitations in concentration, persistence, or pace as required by Mascio. The Court also finds that, contrary to Mascio, the ALJ failed to discuss Plaintiff's ability to stay on task for a full workday. See Mascio, 780 F.3d at 637 (faulting the ALJ for failing to discuss the claimant's ability to perform the relevant work-related functions for a full workday); see also Newton v. Colvin, No. 3:14-cv-371-RJC-DSC, 2015 WL 4411110, at *3 (W.D.N.C. July 20, 2015); Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *4–5 (W.D.N.C. May 13, 2015).

In sum, the Court finds that the ALJ did not perform the required function-by-function analysis or provide the necessary narrative discussion to support his findings. An explanation of how Plaintiff's mental limitations affect her ability to perform work-related functions, as well as her ability to perform them for a full workday, is necessary here. While the Court recognizes that the RFC is the ALJ's province, he must make clear to this Court that he considered all of Plaintiff's impairments in formulating the RFC and at steps four and five. As outlined above, a necessary

---

4773542, at *4 (E.D.N.C. Aug. 13, 2015) (finding that limitations to simple, routine, repetitive tasks in a low production occupation that would require no complex decision making, constant change, or dealing with crisis situations did not account for the claimant's moderate limitations in concentration, persistence, or pace); Hagedorn v. Colvin, No. 2:12-cv-85-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (finding that limitations to simple, routine, and repetitive tasks in a low-production, low-stress work setting accounted only for the claimant's ability to understand, carry out, and remember instructions, respond appropriately to work situations, and deal with changes in a routine work setting, but not for the claimant's moderate limitations in concentration); Salmon v. Colvin, No. 1:12-cv-1209-LCB, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) (holding that a limitation to simple, routine, repetitive tasks in in which the claimant could apply commonsense understanding to carry out instructions furnished on a written, oral, or diagrammatic form did not account for moderate limitations in concentration, persistence, or pace nor the claimant's ability to say on task); but see Linares v. Colvin, No. 5:14-cv-120-GCM, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) (finding that limitations to simple, routine, repetitive tasks in a stable work environment at a nonproduction pace with only occasional public contact sufficiently accounted for the claimant's moderate limitations in concentration, persistence, or pace because the "nonproduction pace" accounted for limitations in pace and the "stable work environment with only occasional public contact" accounted for limitations in concentration and persistence).

predicate for this Court to engage in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning. Because it is left to guess how the ALJ concluded that Plaintiff could perform the relevant functions in light of her mental impairments and other limitations in concentration, persistence, or pace, the Court finds that substantial evidence does not support the ALJ's decision and that remand is appropriate.[5]

## IV. CONCLUSION

Under the fourth sentence of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the ALJ's lack of analysis, explanation, and determination of Plaintiff's mental RFC, the Court **reverses** the Commissioner's decision and **remands** the case for a new hearing.

On remand, the ALJ is directed to conduct a new hearing, take any action necessary to complete the administrative record, and issue a new decision consistent with Social Security regulations and this Order. Specifically, the ALJ is directed to: (1) consider, evaluate, and explain the weight afforded to all medical opinions in the record; (2) reevaluate Plaintiff's mental impairments in accordance with Social Security regulations as well as Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); (3) conduct a thorough function-by-function analysis that explicitly indicates the weight given to all of the relevant evidence, including all medical opinions, resolves any conflicts between such evidence, and explicitly discusses Plaintiff's limitations related to her mental difficulties; (4) further consider and evaluate Plaintiff's RFC, including her mental RFC; and, if necessary, (5) obtain further vocational expert testimony. In conducting the function-by-

---

[5] Having found remand necessary due to error in the ALJ's analysis and determination of Plaintiff's mental RFC, the Court need not address Plaintiff's remaining assignments of error.

function analysis, the ALJ must use "narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636 (citing SSR 96-8p). A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by Mascio, particularly if there is contradictory evidence in the record.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**; and

3. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order.

Signed: June 15, 2016

Robert J. Conrad, Jr.
United States District Judge